In the Matter of E___ A___ R___, a child.

No. 8432.

Court of Civil Appeals of Texas, Texarkana.

Feb. 22, 1977.

Thomas R. Grett, Longview, for appellant.

Odis R. Hill, Crim. Dist. Attys., James Fletcher, Asst., Longview, for appellee.

CHADICK, Chief Justice.

This is an appeal from an adjudication under the provisions of the Tex. Family Code Ann. Sec. 51.03(a)(1) (1975), that a child, E———A———R———, has engaged in delinquent conduct and is subject to further orders of the juvenile court.

The child, E———A———R———, was born on May 27, 1960. In October, 1975, she was adjudicated to be a child in need of supervision for "voluntarily being absent from her parents' home without the consent of her parents for a substantial length of time without intent to return." In other words, she was found to be a "runaway." This, the quoted finding, constitutes grounds for entering a supervision order authorized by Tex. Family Code Ann. Sec. 51.03(b)(3) (1975). The child was ordered detained on December 3, 1975, and was released from detention on December 5, 1975, and placed in the custody of the Department of Public Welfare for placement in a group foster home owned by the Emergency Children's Housing Organization, Inc., Longview, Texas.

On March 8, 1976, she ran away again, that is, she left the foster home, went to Colorado Springs, Colorado, without authority of the Department of Public Welfare. She voluntarily turned herself over to juvenile authorities in Colorado Springs on March 24, 1976, and returned to Longview on March 30, 1976. The next day, March 31, 1976, a petition was filed in behalf of the State of Texas asking that she be adjudicated a child that had engaged in delinquent conduct by committing the offense of escape, a violation of V.T.C.A., Penal Code, Sec. 38.07(a). The juvenile judge found beyond a reasonable doubt that the child violated the code section alleged and adjudged her to have engaged in delinquent conduct.

So far as violation of V.T.C.A., Penal Code, Sec. 38.07(a) is concerned, the parties stipulated that the child was in custody and escaped. They do not agree upon whether or not adjudication that the child was in need of supervision is a conviction of an offense. This last and decisive issue requires consideration of the several statutes that bear upon the issue, that is, Tex.Family Code Ann. Sec. 51.01, 51.03 and 51.13 (1975), as well as V.T.C.A., Penal Code, Sec. 1.02, 1.03 and 38.07. Relevant language of these statutes will be noticed in the course of discussion.

Considering first the Texas Family Code, it provides in Section 51.03(b)(3) that a child's voluntary absence from his home without the consent of the parent or guardian for a substantial time or without intent to return is conduct indicating a need for supervision. Section 51.01, among its provisions, says that Title 3, which embraces the several Family Code sections previously named, shall be construed to effectuate the following public purposes:

"(1) to provide for the care, the protection, and the wholesome moral, mental, and physical development of children coming within its provisions;

(2) to protect the welfare of the community and to control the commission of unlawful acts by children;

(3) consistent with the protection of the public interest, to remove from children committing unlawful acts *the taint of criminality and the consequences of criminal behavior* and to substitute a program of treatment, training, and rehabilitation;

(4) to achieve the foregoing purposes in a family environment whenever possi-

ble, separating the child from his parents only when necessary for his welfare or in the interest of public safety and when a child is removed from his family, to give him the care that should be provided by parents; . . ." (Emphasis added.)

And Section 51.13 provides, in the part material here, that an adjudication (that a child needs supervision) "is not a conviction of crime." Turning to the Penal Code, its general purposes and certain specific objectives are set out in Section 1.02. One of the objectives specified is to safeguard conduct that is without guilt from condemnation as criminal. In Section 1.03 it is provided that conduct does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, order of the county commissioners' court, or rule authorized by and lawfully adopted under a statute. The penal offense of escape is defined in Section 38.07. There it is said a person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody.

The voluntary absence of the child from his home without the consent of parent or guardian for a substantial length of time or without intent to return is not expressly termed an offense against the law or an unlawful act by Tex.Family Code Ann. Sec. 51.03 or elsewhere in the Code. When this fact is determined to exist, a court is enabled not to punish but to make such orders as the Code authorizes to protect the welfare of the community and to provide for the care, protection and wholesome moral, mental and physical development of the child. Nothing is found in the Family Code, or elsewhere, to indicate that the Legislature intended to denounce conduct of this nature as an offense as that term is used in V.T.C.A., Penal Code, Sec. 38.07(a). Such intent would run counter to legislative directions to the courts regarding interpretation and construction of the sections of both the Texas Family Code and the Texas Penal Code. The conclusion is compelled that the child has not been convicted of an offense defined by statute and therefore the child could not have committed the of-

fense of escape as defined by V.T.C.A., Penal Code, Sec. 38.07(a).

Confirmation of this interpretation is found, it is thought, in the circumstances that the Tex.Family Code, Sec. 51.03, together with Sec. 54.04, furnishes a procedure to control an incorrigible runaway. The commentary upon Tex.Family Code, Sec. 51.03, by Robert O. Dawson which appears in 5 Tex.Tech L.Rev. 517, 520 (1974), says:

"A child who is truant or a runaway may be adjudicated to have engaged in conduct indicating a need for supervision. Section 51.03(b)(2) and (3). Once adjudicated, he must be placed on probation. Section 54.04(d) and (g). If he violates probation, he has engaged again in conduct indicating a need for supervision. Section 51.03(b)(4). If prosecuted and adjudicated, he must again be placed on probation. Section 54.04(d) and (g). If he violates that probation, however, a delinquency petition may be filed under Section 51.03(a)(2). If he is adjudicated to have engaged in delinquent conduct, he may be committed to the Youth Council or placed on probation as any other delinquent child. Section 54.04(d)."

This procedure is complex and awkward. The runaway must first be adjudged in need of supervision because of voluntary absence from his home without consent of his parent or guardian for a substantial length of time or without intent to return and be placed on probation. On violation of this probation, the runaway must be adjudged in need of supervision because of violation of the probation order and again placed on probation. On violation of the second probation order, resort may be made to Section 51.03(a)(2) and delinquent conduct determined and appropriate orders made. It is noteworthy that the exceptions contained in the last mentioned subdivision do not have application as the conduct in question is violation of the court order. Promulgation of the procedure discloses a legislative intent that a child's conduct in running away from home is not denounced as an offense against the criminal laws.

The judgment of the trial court is reversed and the case is remanded for proceedings consistent herewith.